UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | Case No.: |
| TALAL QAIS ABDULMUNEM AL ZAWAWI | Chapter 15 |
| Debtor in a Foreign Proceeding _____/ | |

**MOTION FOR ORDER GRANTING RECOGNITION OF
FOREIGN MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517
OF THE BANKRUPTCY CODE AND RELATED RELIEF**

Colin Diss, Hannah Davie, and Michael Leeds (collectively, the "Foreign Representatives"), as court-appointed joint trustees of the foreign bankruptcy estate of Talal Qais Abdulmunem Al Zawawi ("Debtor") petition this Court for entry of an order recognizing the foreign bankruptcy ("UK Proceeding") of the Debtor, under the supervision of High Court of Justice, Business and Property Courts of England and Wales (the "UK Bankruptcy Court"), as a foreign main proceeding under 11 U.S.C. § 1517[1] or, in the alternative, as a foreign nonmain proceeding, granting related relief pursuant to §§ 1519, 1520, and 1521, and granting any additional relief that may be available under the Bankruptcy Code.

**PRELIMINARY STATEMENT**

1.   Foreign Representative files this Motion under §§ 1504 and 1515 to seek recognition of the UK Proceeding as a "foreign main proceeding," as defined by 11 U.S.C. § 1502(4).

2.   The Declaration of Colin Diss ("Diss Decl."), the Foreign Representative, as required by § 1515(c) of the Bankruptcy Code, together with a list of Administrators, Parties, and

---

[1]   All statutory references shall be to Title 11 U.S.C. § 101 *et seq.* ("Bankruptcy Code"), unless otherwise specified.

Entities pursuant to Rule 1007(a)(4) of the Federal Rule of Bankruptcy, is incorporated by reference and attached hereto as **Exhibit A**.

3. As required by § 1515 of the Bankruptcy Code, this Motion is also accompanied by the UK Bankruptcy Court's June 29, 2020 order commencing the bankruptcy of Debtor, and the July 15, 2020 Certificate of Appointment appointing Colin Diss, Hannah Davie, and Michael Leeds as joint trustees of Debtor's bankruptcy estate, both of which are attached as Exhibits A and Exhibit B, respectively, to the Diss Decl.

4. The Petition, this Motion, and the accompanying Declaration of Colin Diss demonstrate that the UK Proceeding should be recognized a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code or, alternatively, as a foreign nonmain proceeding.

5. The Foreign Representatives seek the type of relief that Chapter 15 was designed to provide, and the UK Proceeding and this Motion meet all the requirements for recognition and the requested relief.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§ 157(b) and 1334.

7. This is a "core" proceeding under 28 U.S.C. § 157(b)(2)(P).

8. Venue is proper in this district under 28 U.S.C. § 1410 as, among other things, Debtor has his principal assets in this district.

## FACTUAL BACKGROUND

Debtor, a citizen of Oman, relocated to the United Kingdom in September 2015 with his wife and three children. Diss Decl., ¶11. On July 24, 2017, the wife filed a petition before the High Court of Justice in England and Wales requesting the dissolution of her marriage to Debtor. Id. at ¶3. Subsequently, on March 15, 2019, the High Court of Justice entered a divorce decree, ordering

Debtor to pay £24,075,000.00 to the wife, which includes amounts for spousal and child support. Id. at ¶¶6-7. To that end, the High Court of Justice entered a Worldwide Freezing Order on April 2, 2019, enjoining Debtor from disposing of, dealing with, or diminishing the value of his assets until the divorce judgment was paid in full. Id. at ¶8.

On March 19, 2020, the wife filed a petition to place Debtor in involuntary bankruptcy after he failed to make payments in accordance with the March 15, 2019 judgment. Id. at ¶9. The Debtor was adjudicated bankrupt on June 29, 2020, and the Foreign Representatives were appointed by the UK Bankruptcy Court on July 15, 2020. Id. at ¶9-10. Accordingly, the Foreign Representatives seek recognition of the UK Proceeding as a foreign main proceeding under Chapter 15 of the U.S. Bankruptcy Code to further investigate the acts, conduct, property, liabilities, and financial condition of Debtor.

## RECOGNITION IS APPROPRIATE

**A.    The UK Proceeding Should be Recognized as a Foreign Main Proceeding**

Foreign Representatives have satisfied each of the requirements for recognition of the UK Proceeding under Chapter 15 of the Bankruptcy Code as follows:

First, Foreign Representatives qualify as a "foreign representatives" as defined in 11 U.S.C. §101(24), because as joint bankruptcy trustee of the Debtor's estate, they are authorized in the UK Proceeding to administer the liquidation of Debtor's assets or affairs, and to act as representatives of the UK Proceeding.

Second, the UK Proceeding is a "foreign main proceeding" as defined in 11 U.S.C. § 101(23) and 1502(4), because it is (i) pending in London, United Kingdom, where the Debtor has his center of main interests; and (ii) an administrative proceeding in a foreign country under

which the assets and affairs of the Debtor are subject to control or supervision by the UK High Court of Justice for the purpose of liquidation under the law of England and Wales.

The Debtor's center of main interests is the United Kingdom, as (i) he financially supports his daughter from his first marriage, who resides in the United Kingdom, as well as the three minor children from the second marriage; (ii) he services mortgage payments for the London property held in his former wife's name; (iii) he owns an account at HSBC in the United Kingdom; (iv) he has three siblings that reside in the United Kingdom; (v) he has outstanding child support obligations in the United Kingdom; (vi) he had multiple business interests in the United Kingdom, which he acquired under a false name and listing his citizenship as British and country of residence as the United Kingdom; and (vii) the majority of his creditors are located in the United Kingdom, where there is an unsatisfied £24,075,000.00 judgment against the Debtor. See Diss Decl., ¶¶7, 11-20.

Third, the Debtor meets the requirements of a "debtor" as defined in sections 109(a), if applicable, and 1502 because the Debtor is the subject of a foreign proceeding and has his principal assets in this District, including, but not limited to ownership interests in the following Florida companies: (i) Qapa Investing Company U.S.A., Inc.; (ii) Qapa Holdings, Inc.; (iii) Hawthorne Village at Port Orange, Inc.; (iv) Hawthorne Groves Apartments, Inc.; and (v) Texas Q Zone, Inc. (the "Companies").

Lastly, this Motion is accompanied by: (i) the June 29, 2020 order of the UK Bankruptcy Court commencing the bankruptcy proceeding, (ii) the July 15, 2020 Certificate of Appointment appointing the Foreign Representatives; and (iii) the Statement of the Foreign Representative under penalty of perjury fulfilling the requirements imposed by § 1515(c) and Fed. R. Bankr. P. 1007(a)(4).

**B.     Alternatively, the UK Proceeding Should be Recognized as a Foreign Nonmain Proceeding**

In the alternative, the Foreign Representatives have satisfied each of the requirements for recognition of the UK Proceeding as a foreign nonmain proceeding under Chapter 15 of the Bankruptcy Code as follows:

First, the Foreign Representatives qualify as "foreign representatives" as defined in 11 U.S.C. §101(24), because as joint bankruptcy trustee of the Debtor's estate, they are authorized in the UK Proceeding to administer the liquidation of Debtor's assets or affairs, and to act as representatives of the UK Proceeding.

Second, the UK Proceeding is a "foreign proceeding" under section 101(23) of the Bankruptcy Code, because it is a judicial proceeding pending in the High Court of Justice, Business and Property Courts of England and Wales under the bankruptcy laws of England and Wales for the purposes of liquidation.

Third, the UK Proceeding is a "foreign nonmain proceeding" as defined in 11 U.S.C. 1502(5), because it is pending in London, where the Debtor has an establishment. An "establishment" is "any place of operations where the debtor carries out nontransitory economic activity." 11 U.S.C. § 1502(5). Here, the Debtor has an establishment in the United Kingdom, because he is a guarantor of and services a mortgage on the London property held in his former wife's name, and he is subject to the jurisdiction of the English courts, where he is a judgment debtor for a substantial sum stemming from the non-payment of the divorce judgment and child support obligations. Diss Decl., ¶¶7, 11-14.

Fourth, to the extent section 109(a) of the Bankruptcy Code applies in Chapter 15 cases, Debtor qualifies as "debtor" under section 109 (a) because Debtor is the subject of a foreign proceeding and, upon information and belief, has assets in the United States. Moreover, the Debtor

has his principal assets in this district, including an ownership interest in the Companies. Id. at ¶26.

Lastly, this Petition is accompanied by: (i) the UK Bankruptcy Court's June 29, 2020 order commencing Debtor's liquidation; (ii) the July 15, 2020 Certificate of Appointment appointing the Foreign Representatives; and (iii) the Statement of the Foreign Representative under penalty of perjury fulfilling the requirements imposed by § 1515(c) and Fed. R. Bankr. P. 1007(a)(4).

## **RELIEF REQUESTED**

Foreign Representatives seek an Order pursuant to §§ 105(a), 1507, 1517, 1520, and 1521 of the Bankruptcy Code, substantially in the form of the Proposed Order attached as **Exhibit B**, granting the following relief:

(a) Recognizing the UK Proceeding as a foreign main proceeding, or alternatively as a foreign nonmain proceeding, and Colin Diss, Hannah Davie, and Michael Leeds as the Foreign Representatives;

(b) Granting the relief allowable as of right upon recognition of a foreign main proceeding under § 1520 of the Bankruptcy Code;

(c) Granting the following additional relief under § 1521 of the Bankruptcy Code:

(1) staying the commencement or continuation of any action or proceeding without the consent of Foreign Representatives concerning rights, obligations or liabilities of the Debtor and the Debtor's bankruptcy estate, to the extent not stayed under § 1520(a) of the Bankruptcy Code;

(2) staying execution against the Debtor, to the extent not stayed under § 1520(a);

  (3) suspending the right to transfer or otherwise dispose of any assets of the Debtor to the extent this right has not been suspended under § 1520(a);

  (4) providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations or liability of the Debtor or the Debtor's estate under § 1521(a)(4), the Federal Rules of Bankruptcy Procedure, including Fed. R. Bankr. P. 2004, and Local Rule 2004-1;

  (5) entrusting the administration or realization of all of the Debtor's assets within the territorial jurisdiction of the United States to Foreign Representatives;

  (6) entrusting the distribution of all or part of the Debtor's assets located within the United States to the Foreign Representatives and finding that the assets of the creditors of the Debtor are sufficiently protected thereby;

  (7) otherwise granting comity to and giving full force and effect to the UK Bankruptcy Court's June 29, 2020 order and the July 15, 2020 Certificate of Appointment, attached as Exhibits C and Exhibit D, respectively, to the Statement of Foreign Representative; and

  (8) granting Foreign Representatives such other and further relief as this Court may deem just and proper.

## **CONCLUSION**

WHEREFORE, Foreign respectfully requests this Court enter an Order, substantially in the form of the Proposed Order attached as **Exhibit B**, and grant such other and further relief as may be just and proper.

Dated: March 24, 2021                    Respectfully submitted,

                **SEQUOR LAW, P.A.**
                1111 Brickell Avenue, Suite 1250
                Miami, Florida 33131
                Telephone: (305) 372-8282
                Facsimile: (305) 372-8202
                Email: lblanco@sequorlaw.com
                    cvicens@ sequorlaw.com


                By:  */s/ Leyza F. Blanco*
                   Leyza F. Blanco
                   Florida Bar No.:
                   Cristina Vicens Beard
                   Florida Bar No.: 111357

*EXHIBIT "B"*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                              Case No.:

Talal Qais Abdulmunem Al Zawawi                               Chapter 15

Debtor in a Foreign Proceeding

**ORDER GRANTING RECOGNITION OF FOREIGN
MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF
THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

This matter came on for hearing on _____ ____, 2021 (the "Hearing"), upon the Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant To §§1515 and 1517 of the Bankruptcy Code and Related Relief (the "Motion for Recognition")[1] [ECF No. 2], of Colin Diss, Hannah Davie, and Michael Leeds (collectively, the "Foreign Representatives"), as court-appointed joint trustees of the foreign bankruptcy estate of Talal Qais Abdulmunem Al Zawawi ("Debtor"), seeking recognition and related relief pursuant to Chapter 15 of the Bankruptcy Code of the Debtor's bankruptcy proceeding under the supervision of High Court of Justice, Business and Property Courts of England and Wales (the "UK Bankruptcy Court"). The Court, having considered the Petition, the Motion for Recognition, the Statement of the Foreign Representative and its respective attachments, the argument of counsel, and being otherwise duly informed, the Court makes the following Order.

The Court finds:

A.    Due and timely notice of the filing of the Chapter 15 Petition and the Hearing was given by the Foreign Representatives as directed by this Court.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion for Recognition.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

C. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

D. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

E. The Foreign Representatives qualify as a "foreign representatives" as defined in 11 U.S.C. §101(24).

F. This Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1515 and 1517.

G. Foreign Representatives have met the requirements of 11 U.S.C. §§ 1515(b), 1515(c), 1515(d), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

H. The UK Proceeding is a foreign proceeding under 11 U.S.C. §§ 101(23) and 1502(4).

I. The UK Proceeding is entitled to recognition by this Court under 11 U.S.C. § 1517.

J. The UK Proceeding is pending before the High Court of Justice, Business and Property Courts of England and Wales. The Debtor's center of main interests is in the UK and, accordingly, the UK Proceeding is a foreign main proceeding under 11 U.S.C. § 1502(4), entitled to recognition as a foreign main proceeding under 11 U.S.C. § 1517(b)(1).

K. The Foreign Representatives are entitled to all relief provided under 11 U.S.C. § 1520.

L. The Foreign Representatives are further entitled to the relief expressly set forth in 11 U.S.C. § 1521.

M. The relief granted by this Order is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted

pursuant to 11 U.S.C. § 1521 and will not cause any hardship to the creditors of the Debtor or other parties that is not outweighed by the benefits of the relief being granted.

Accordingly, it is **ORDERED** AND **ADJUDGED** that:

1.    The UK Proceeding is granted recognition as a "foreign main proceeding" under 11 U.S.C. § 1517.

2.    The UK Proceeding and the orders of the UK Bankruptcy Court shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities. This includes without limitation, the UK Bankruptcy Court's June 29, 2020 order commencing the UK Proceeding, which is attached to the Motion for Recognition.

3.    The Foreign Representatives are entrusted with the full administration and realization of all or a part of the estate and assets of the Debtor within the territorial jurisdiction of the United States.

4.    The Foreign Representatives shall have the authority to act independently to carry out any of the duties and powers granted by this Order.

5.    The provisions of 11 U.S.C. § 1520 apply to this proceeding.

6.    All persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities, of the Debtor or the Debtor's bankruptcy estate located in the United States territory.

7.    All persons and entities are stayed from executing against the assets of the Debtor or the Debtor's bankruptcy estate located in the United States territory.

8.    All persons and entities are prohibited from transferring, encumbering or otherwise disposing of, or exercising control over any assets of the Debtor or the Debtor's bankruptcy estate located in the United States territory.

9. All persons and entities provided notice of this Order who are in possession, custody or control of property, or the proceeds thereof, of the Debtor or the Debtor's bankruptcy estate located within the territorial jurisdiction of the United States, shall immediately advise the Foreign Representatives by written notice sent to the following addresses:

Attn: Colin Diss, Hannah Davie, and Michael Leeds
Joint Trustees of Talal Qais Abdulmunem Al Zawawi
c/o Grand Thornton UK LLP
30 Finsbury Square
London EC2A 1AG

With a copy to:

Attn: Leyza F. Blanco
Cristina Vicens Beard
Sequor Law, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131

which written notice shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such person or entity. The Foreign Representatives shall file with the Court information demonstrating those persons and/or entities to whom he has provided notice of this Order.

10. The Foreign Representatives are authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtor or the Debtor's bankruptcy estate pursuant to §1521(a)(4), the Federal Rules of Bankruptcy Procedure, including without limitation the procedure of Fed. R. Bankr. P. 2004 and Local Rule 2004-1, without further order of this Court.

11. The Foreign Representatives are further authorized to operate and may exercise the powers of a trustee under, and to the extent provided by 11 U.S.C. §§ 363 and 552.

12. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a); (ii) Foreign Representatives are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (iii) Foreign Representatives are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

13. No action taken by Foreign Representatives in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of the UK Proceeding or any order entered in or in respect of the Chapter 15 case (including any adversary proceedings or contested matters) will be deemed to constitute a waiver of immunity afforded the Foreign Representatives, including pursuant to 11 U.S.C. §§ 306 and 1510.

14. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

15. This Court shall retain jurisdiction with respect to the administration, realization, and distribution of the assets of the Debtor within the territorial jurisdiction of the United States.

# # #

Submitted by:

Leyza F. Blanco, Esq.
Cristina Vicens Beard, Esq.
SEQUOR LAW
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
E-Mail: lblanco@sequorlaw.com
cvicens@sequorlaw.com

Leyza F. Blanco shall serve a copy of this Order on all interested parties entitled to service and file a certificate of service thereafter.