ORDERED.

Dated: August 30, 2021

Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | ) |
| | ) |
| TALAL QAIS ABDULMUNEM AL ZAWAWI, | ) Case No. 6:21-bk-01251-LVV |
| | ) Chapter 15 |
| | ) |
| Debtor in a Foreign Proceeding . | ) |

**SUPPLEMENTAL MEMORANDUM OPINION**
**ON ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING**

Chapter 15 of the Bankruptcy Code[1] provides for recognition of foreign insolvency proceedings. Recognition allows representatives appointed in the foreign insolvency proceeding to obtain the court's assistance to locate and obtain assets or discover information in the United States. The question that arises in this case is whether the subject of a foreign insolvency proceeding, a foreign debtor, is subject to the same requirements to be a debtor in a bankruptcy case in the United States. The Court holds a foreign debtor is not subject to the same requirements.

On April 22, 2021, this case came before the Court to consider the Motion for Order Granting Recognition of Foreign Main Proceeding pursuant to §§ 1515 and 1517 of the

---

[1] All references to the Bankruptcy Code refer to 11 U.S.C. §§ 101 *et seq*.

Bankruptcy Code (Doc. No. 2) ("Motion") filed by Colin Diss, Hannah Davie, and Michael Leeds (collectively, the "Foreign Representatives"), as court-appointed joint trustees of the foreign bankruptcy estate of Talal Qais Abdulmunem Al Zawawi ("Foreign Debtor"), pending before the High Court of Justice, Business and Property Courts of England and Wales, Case No. BR-2020-000300 (the "UK Bankruptcy"). The Foreign Debtor opposed recognition of the UK Bankruptcy because he does not meet the requirements of a debtor under 11 U.S.C. § 109(a). (Doc. No. 30). After considering the pleadings, proffer of counsel and argument of parties, the Court rendered oral findings of fact and conclusions of law and then entered an order granting the Motion, which held 11 U.S.C. § 109(a) does not apply in proceedings under chapter 15. (Doc. No. 36)("Order").  The Order provided that the Court may enter a supplemental decision to expand on this holding. These are the Court's supplemental written findings and conclusions explaining the holding and are made pursuant to *In re Mosley*, 494 F.3d 1320 (11th Cir. 2007).

**Factual Background**

Foreign Debtor is an individual residing outside the United States. Although he does not reside in the United States, the Foreign Debtor does or did have connections through various business entities to the United States. These connections, which can be difficult to follow, may be divided into two groups—the QAPA Entities and Texas Q Zone.

QAPA Entities

Foreign Debtor and his siblings inherited ownership interests in QAPA Investing Corporation NV ("QAPA Investing"), an entity incorporated in Curacao.[2] QAPA Investing owns 100% of an entity named QAPA Holdings, Inc. ("QAPA Holdings") which is a Florida corporation.[3] QAPA Holdings then owns 100% of the following entities: Hawthorne Groves

---

[2] Doc. No. 72. 4/22/2021 Hrg. Tr. 21:6-14.
[3] Doc. No. 72. 4/22/2021 Hrg. Tr. 21:1-2, 6-8.

Apartments, Inc. ("HGA"), Hawthorne Village at Port Orange, Inc., ("HVPO") and QAPA Investing Company USA, Inc. ("QAPA USA").[4] HGA and HVPO own apartment buildings located within the Middle District of Florida,[5] and QAPA USA owns office buildings located in Winter Park, Florida.[6] According to the 2021 Annual Reports filed with Florida's Department of State Division of Corporations by QAPA Holdings, HGA, HVPO and QAPA USA, the Foreign Debtor is listed as a director.[7] All Florida entities also list an address in Winter Park, Florida as their current principal place of business.[8]

Texas Q Zone

Texas Q Zone, Inc. ("Texas Q Zone") is a Florida corporation that owns three parcels of land which are leased to Ale House restaurants.[9] Prior to 2020, the Foreign Debtor had a 60% ownership interest in Texas Q Zone, and the Foreign Debtor's brother owned the remaining 40% interest.[10] In February 2020, the Foreign Debtor sold his interest in Texas Q Zone to the other shareholder—his brother. According to the 2021 Annual Report Texas Q Zone filed with Florida's Department of State Division of Corporations, the Foreign Debtor is listed as a director.[11] Texas Q Zone also lists an address in Winter Park, Florida as its current principal place of business.[12]

---

[4] Doc. No. 72. 4/22/2021 Hrg. Tr. 20:16-24.
[5] Doc. No. 72. 4/22/2021 Hrg. Tr. 13:24-14:1; 20:10-13.
[6] Doc. No. 72. 4/22/2021 Hrg. Tr. 20:6-10.
[7] Doc. No. 72. 4/22/2021 Hrg. Tr. 13:7-16. This Court takes judicial notice of the 2021 Florida Profit Corporation Annual Report filed by QAPA Holdings, HGA, HVPO and QAPA USA with Florida's Department of State Division of Corporations. The Court may take judicial notice on its own or upon a party's request at any stage of a proceeding of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201.
[8] *Id*.
[9] Doc. No. 72. 4/22/2021 Hrg. Tr. 21:20-24.
[10] Doc. No. 72. 4/22/2021 Hrg. Tr. 21:25-22:1.
[11] Doc. No. 72. 4/22/2021 Hrg. Tr. 13:7-16. This Court takes judicial notice of the 2021 Florida Profit Corporation Annual Report filed by Texas Q Zone.
[12] *Id*.

<u>UK Bankruptcy</u>

About one month after the Foreign Debtor sold his interest in Texas Q Zone, a creditor petitioned the UK Bankruptcy court seeking an adjudication that the Foreign Debtor was bankrupt.[13] On June 29, 2020, the UK Bankruptcy court entered an order adjudicating the Foreign Debtor bankrupt and the Foreign Representatives were appointed as joint trustees for the UK Bankruptcy estate.[14] As joint trustees, the Foreign Representatives are investigating the affairs of the Foreign Debtor for the purpose of recovering assets for the benefit of creditors.[15] One of these creditors, Foreign Debtor's former spouse, holds a judgment for £24,075,000.[16]

On March 24, 2021, the Foreign Representatives filed a Chapter 15 Petition for Recognition of a Foreign Proceeding—the UK Bankruptcy—and filed the Motion.[17] The Foreign Representatives seek recognition to recover the Foreign Debtor's assets within the United States, conduct discovery to locate and discover other assets within the United States, and possibly file actions or bring claims against third parties for the benefit of creditors.[18] The Foreign Debtor opposes the Motion.

## Discussion

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") repealed § 304 of the Bankruptcy Code and added a new chapter—chapter 15. *SNP Boat Service S.A. v. Hotel le St. James*, 483 B.R. 778, 782 (S.D. Fla. 2012). Chapter 15 incorporates the Model Law on Cross-Border Insolvency formulated by the United Nations Commission on International Trade Law, with some modifications designed to conform the Model Law with existing United States law. *See In re Iida*, 377 B.R. 243, 256 (B.A.P. 9th Cir. 2007).

---

[13] Doc. No. 32, Ex. A. IMF Bentham Row SPV 1 Limited filed the petition on March 19, 2020.
[14] Doc. No. 32, Ex. A and B.
[15] Doc. No. 32. Amended Declaration of Colin Diss at ¶ 21.
[16] Doc. No. 32. Amended Declaration of Colin Diss at ¶¶ 5, 20.
[17] Doc. No. 1 and 2.
[18] Doc. No. 32. Amended Declaration of Colin Diss at ¶ ¶ 22-24.

Fundamentally procedural in nature, *Iida*, 377 B.R at 256, chapter 15 allows a foreign representative to petition the bankruptcy court for recognition of a foreign insolvency proceeding and creates an ancillary proceeding to assist the foreign proceeding. *In re Condor Ins. Ltd.,* 601 F.3d 319, 322 (5th Cir. 2010); *In re O'Reilly*, 598 B.R. 784, 793 (Bankr. W.D. Pa. 2019); *In re Loy*, 380 B.R. 154, 161 (Bankr. E.D. Va. 2007). Section 1517 governs recognition of a foreign proceeding which provides "…after notice and a hearing, an order recognizing a foreign proceeding shall be entered if…" the elements stated in paragraphs (1), (2) and (3) are met. 11 U.S.C. § 1517(a).

Upon recognition, the foreign representative acquires a broad range of relief under chapter 15. The foreign representative obtains the capacity to sue and be sued, the ability to apply directly to the court for appropriate relief, and the requirement that all courts in the United States grant comity or cooperation to the foreign representative. 11 U.S.C. § 1509(b); *In re Vitro S.A.B. de C.V.*, 701 F.3d 1031, 1044 (5th Cir. 2012); *Loy*, 380 B.R. at 161. The foreign representative may request certain relief available to a trustee under the Bankruptcy Code. 11 U.S.C. § 1521; *Loy*, 380 B.R. at 161. The foreign representative may commence an involuntary case under § 303, or a voluntary case under §§ 301 or 302 if the foreign proceeding is a foreign main proceeding. 11 U.S.C. § 1511. The foreign representative could simply seek discovery, without filing any other type of case or proceeding at all. 11 U.S.C. § 1521(a)(4). See also *In re British American Ins. Co. Ltd.*, 488 B.R. 205, 225 (Bankr. S.D. Fla. 2013)("It is not necessary that the debtor have any assets in the United States for there to be a chapter 15 case. Sometimes the relief sought by the foreign representative is limited to the ability to conduct discovery under section 1521(a)(4)."))

The Foreign Debtor concedes the Foreign Representatives have met all requirements under § 1517 for recognition of the UK Bankruptcy. Still, the Foreign Debtor argues, recognition must be denied because he does not meet the debtor eligibility requirements of 11 U.S.C. § 109(a), which requires a debtor to reside, have a domicile, place of business, or property in the United States. The Foreign Debtor maintains he no longer has any property in the United States and requests the Court deny recognition under § 1517 and dismiss this case. In support, he relies on *In re Barnet*, a Second Circuit Court of Appeals opinion which held § 109(a) applies to the debtor in a foreign proceeding under chapter 15 of the Bankruptcy Code. 737 F.3d 238, 241 (2d Cir. 2013).

The Foreign Representatives disagree. They argue the plain language of § 1517 requires recognition even if the Foreign Debtor does not meet the requirements of § 109(a) and that other statutory provisions and the underlying policy of chapter 15 support this conclusion. Based on this reasoning, the Foreign Representatives assert bankruptcy courts[19] have declined to follow *Barnet* and urge this Court to do the same. The Foreign Representatives also rely on *In re Goerg*, a decision under former § 304 – the predecessor to chapter 15 – where the Eleventh Circuit held a foreign debtor did not have to qualify as a debtor under the Bankruptcy Code. The Foreign Representatives further argue that if § 109(a) does apply in chapter 15, the Court should grant recognition because the Debtor is the director and beneficial owner of Florida companies which

---

[19] The Foreign Representatives cite unpublished opinions of *MMX Sudeste Mineracao S.A.*, Case No. 17-16113-RAM, Doc. No. 33 (Bankr. S.D. Fla. Nov. 17, 2017) and *In re Bemarmara Consulting A.S.,* No. 13-13037-KG, Hrg. Tr. 8:19-9:2 (Bankr. D. Del. Dec. 17, 2013).

own real property in the Middle District of Florida, and counsel for the Foreign Representatives holds some personal property of the Foreign Debtor.[20]

Statutory Construction

The Court's ruling here depends on its construction of the relevant statutes. The Court must decide whether § 109(a) requirements of "who may be a debtor" under this title apply to recognition of a foreign proceeding under § 1517, or a debtor under chapter 15. To do so, the Court applies the following traditional standards of statutory construction:

> The starting point for all statutory interpretation is the language of the statute itself. We assume that Congress used the words in a statute as they are commonly and ordinarily understood, and we read the statute to give full effect to each of its provisions. We do not look at one word or term in isolation, but instead we look to the entire statutory context. We will only look beyond the plain language of a statute at extrinsic materials to determine the congressional intent if: (1) the statute's language is ambiguous; (2) applying it according to its plain meaning would lead to an absurd result; or (3) there is clear evidence of contrary legislative intent.

*In re Tennyson*, 611 F.3d 873, 877 (11th Cir. 2010)(quoting *United States v. DBB, Inc.,* 180 F.3d 1277, 1281 (11th Cir. 1999) (internal citations omitted)). The Court begins with the plain language of the statute.

Section 1517 Requires Recognition

Section 1517 provides that the Court "shall" recognize a foreign proceeding if three conditions are met. Section 1517(a) states:

---

[20] At the hearing, Foreign Representatives' counsel represented that she had a "Drawbridge Retainer Agreement" with the Foreign Representatives, who had sent her retainer funds on behalf of the Foreign Debtor and held the Foreign Debtor's wallet and coat in Miami, Florida. (Doc. No. 72. 4/22/2021 Hrg. Tr. 14:19-15:10.) Because the Court finds the Foreign Debtor's interests in the QAPA Holdings, HGA, HVPO and QAPA USA and possible claim regarding the Texas Q Zone stock suffice as property in the United States, the Court declines to address the retainer, wallet and coat held by counsel.

> Subject to section 1506, after notice and a hearing, an order recognizing a foreign proceeding shall be entered if—
>
> (1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502;
> (2) the foreign representative applying for recognition is a person or body; and
> (3) the petition meets the requirements of section 1515.

11 U.S.C. § 1517(a). The Court holds that § 1517(a) is unambiguous. "Subject to the public policy exception, chapter 15 recognition must be ordered when a court finds the requisite criteria are met." *In re ABC Learning Centers, Ltd.*, 728 F.3d 301, 308 (3d Cir. 2013). Section 1517(a) contains no criteria that a foreign debtor satisfy § 109(a) prior to recognition. Here, the parties do not dispute that the elements of § 1517 have been met. The plain language of § 1517, therefore, requires this Court to recognize the UK Bankruptcy. The Court need not look further. *In re Appling*, 848 F.3d 953, 960 (11th Cir. 2017) (courts do not have to look further when the language of the statute is clear).

Some courts, however, have opined that a plain meaning interpretation of §§ 103, 109 and 1502 require a debtor in chapter 15 also meet the requirements of § 109(a).[21] This plain meaning interpretation seems straight forward. Section 103 provides that chapter 1 applies in a case under chapter 15. 11 U.S.C. § 103(a). Included in chapter 1 is § 109(a) which requires that "only a person that resides or has a domicile, a place of business, or property in the United States…may be a debtor under this title." 11 U.S.C. § 109(a). For the purposes of chapter 15, the term "debtor" means "an entity that is the subject of a foreign proceeding." 11 U.S.C. § 1502(1).

---

[21] See, eg. *In re Barnet*, 737 F.3d 238 (2nd Cir. 2013); *In re Forge Group Power Pty Ltd.*, Case No. 17-cv-02045-PJH, 2018 WL 827913 (N.D. Cal. Feb. 12, 2018); *In re Culligan Ltd.*, Case No. 20-12192, 2021 WL 2787926 at *6-7, (Bankr. S.D. N.Y. July 2, 2021); Case No. *In re Cell C Proprietary Limited*, 571 B.R. 542, 550-51 (Bankr. S.D. N.Y. 2017).

As a result, some argue a foreign debtor is a debtor that must also satisfy § 109. While the interpretation seems appealing, the Court must disagree.

<u>A "Debtor" Under Chapter 15 is not the Same as "Debtor" Under Chapter 1</u>

When § 1502 uses the phrase "for the purposes of this chapter" the following definitions apply, it signals to the reader that the following are exceptions to the general definitions applicable in all other chapters of the Bankruptcy Code. Why is a special definition of debtor needed in chapter 15? Because the "subject of a foreign proceeding" is not a debtor under the general § 101 definition of debtor. This can be the only conclusion. If the § 101 definition included the subject of a foreign proceeding, then this special definition would be unnecessary—§1502(1) would be superfluous. *See Corley v. United States*, 556 U.S. 303, 314 (2009) ("[A] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." (quotation marks omitted)); *Huff v. DeKalb County*, 516 F.3d 1273, 1280 (11th Cir. 2008) ("[T]his court must respect the longstanding general principle that courts must not interpret one provision of a statute to render another provision meaningless."(quotation marks and alterations omitted)).

We must also assume Congress meant it when § 1502 was drafted to provide the definition "for purposes of this chapter," while the § 101 definition of debtor is applicable to all chapters. Accordingly, the subject of a foreign proceeding is only a "debtor" as that term is used in chapter 15 and is not a debtor as that term is used in § 109. While § 103 makes chapter 1 applicable in chapter 15, it does not graft those provisions into chapter 15—meaning the limited definition would not apply when interpreting § 109. Not only is this a straightforward interpretation, but is also the only way to give full effect to the other provisions of chapter 15.

<u>The Express Purpose of Chapter 15 Demonstrates § 109 Does Not Apply</u>

Even if the Court were to conclude that it should look beyond this plain language, an interpretation of chapter 15 and § 103 which excludes a foreign debtor from the requirements of § 109(a) is the only reasonable interpretation that gives effect to the purpose of chapter 15. When a statute is ambiguous, an interpretation that furthers rather than obstructs its purpose should be favored. *See U.S. v. DBB, Inc.*, 180 F.3d 1277, 1283 (11th Cir. 1999)("When interpreting an ambiguous statute, a court should consider the purpose, the subject matter and the condition of affairs which led to its enactment, and so construe it as to effectuate and not destroy the spirit and force of the law and not to render it absurd."(quotation marks omitted)). And here there is clear evidence of legislative intent that §109 should not apply in chapter 15.

International uniformity is the main goal of chapter 15. *In re British American Ins. Co. Ltd.*, 488 B.R. 205, 212 (Bankr. S.D. Fla. 2013)(citing 11 U.S.C. §§ 1501(a), 1508). The express purpose of chapter 15 is to "incorporate the Model Law on Cross-Border Insolvency so as to provide effective mechanisms for dealing with" cross-border insolvency cases, which involve debtors, assets, claimants and interested parties in more than one country. 11 U.S.C. § 1501(a); *SNP Boat Service S.A. v. Hotel le St. James,* 483 B.R. 778, 782 (S.D. Fla. 2012); *In re Irish Bank Resolution Corp.*, Case No. 13-12159, 2014 WL 9953792, *9 (Bankr. D. Del. 2014). The statute itself dictates how it should be interpreted. Section 1508 requires courts to "consider its international origin, and the need to promote an application of this chapter that is consistent with the application of similar statutes adopted by foreign jurisdictions." 11 U.S.C. § 1508.

Numerous provisions in chapter 15 indicate Congress did not intend § 109 to apply. Section 1528 provides "*[a]fter recognition* of a foreign main proceeding, a case under another chapter of this title may be commenced *only if the debtor has assets* in the United States." 11

U.S.C. § 1528 (emphasis added). If § 109 applies to recognition, this sentence of § 1528 is rendered duplicative and superfluous. The venue statute governing chapter 15 cases specifically provides venue for cases when the foreign debtor lacks "a place of business or assets in the United States" which directly conflicts with § 109 requirements. See 28 U.S.C. § 1410 (2),(3). Taken together with § 1508's instruction to consider its "international origin" one must conclude that chapter 15 does not require a domicile, a place of business, or property in the United States. Perhaps most compelling is § 1517 which requires the Court to grant recognition of a foreign proceeding if certain conditions are met and makes no reference to § 109 or its eligibility requirements. 11 U.S.C. § 1517. Requiring compliance with § 109 in chapter 15 would graft § 109(a)—"Who may be a debtor" under United States law—into § 1517 despite its clear language and despite chapter 15's international origin and quest for uniformity in cross-border insolvency proceedings.

Furthermore, the language and design of § 109 as a whole demonstrates it does not apply in chapter 15. Section 109 (b) through (g) specify the persons or entities who may be debtors under chapter 7, chapter 9, chapter 11, chapter 12, and chapter 13–every other type of bankruptcy. Notably absent is chapter 15. *See* 11 U.S.C. § 109(a)-(g). Paragraph (h) addresses the requirement that an individual debtor obtain 180 days prior to filing a petition an individual or group briefing from an approved nonprofit budget and credit counseling agency, unless waived by the court or an exception applies. 11 U.S.C. § 109(h). "Congress created the credit counseling requirement to provide an individual in financial distress an opportunity to evaluate non-bankruptcy debt resolution options." *In re Carey*, 341 B.R. 798 (Bankr. M.D. Fla. 2006)(examining 11 U.S.C. § 109(h) credit counseling requirement and legislative history). Because a foreign proceeding has already been commenced in another country in chapter 15, the

plain language and purpose of paragraph (h) cannot be attained and would always require a waiver by the Court or an exception to apply. Accordingly, the plain language of § 109 as a whole demonstrates it should not apply to recognition or foreign debtors under chapter 15.

### In re Barnet Does Not Control

Finally, *In re Barnet* is not controlling precedent, and this Court believes the Eleventh Circuit would likely disagree with the *Barnet* holding. The Eleventh Circuit has already addressed this issue, albeit under former § 304 – the predecessor to chapter 15. In *In re Goerg*, the court ruled that a foreign trustee could commence proceedings ancillary to foreign insolvency proceedings when the foreign debtor—an insolvent decedent's estate—did not qualify as a "debtor" under the Bankruptcy Code. 844 F.2d 1562, 1563 (11th Cir. 1988). In *Goerg*, the court found eligibility for § 304 ancillary proceedings could be susceptible to two interpretations, one which required a foreign debtor to meet the definition of a "debtor" under the Bankruptcy Code, or one which required a foreign debtor to meet the definition of "debtor" used by the forum where the foreign proceeding is pending. 844 F.2d at 1567. As a result, the Eleventh Circuit examined the purposes behind § 304 and concluded that a foreign debtor does not have to qualify as a "debtor" under the Bankruptcy Code. 844 F.2d at 1567-68. The court noted that "…Congress enacted section 304 to help further the efficiency of foreign insolvency proceedings involving worldwide assets…Because the focus is on making United States processes available in aid of foreign proceedings, not actual bankruptcy administration, it would make little sense to require that the subject of the foreign proceeding qualify as "debtor" under United States bankruptcy law." *Id* at 1568. Although § 304 has since been repealed, chapter 15 has a similar purpose and given this similar issue—whether a foreign debtor must qualify as a debtor under

the Bankruptcy Code—this Court finds *Goerg* persuasive, and declines to follow *In re Barnet*, 737 F.3d 238 (2d Cir. 2013).

For the foregoing reasons, the Court concludes a foreign representative does not have demonstrate that a foreign debtor meets the eligibility requirements of § 109 to obtain recognition of a foreign proceeding under § 1517. As a result, the UK Bankruptcy is granted recognition under § 1517.

<u>Foreign Debtor Would Qualify under 11 U.S.C. § 109(a)</u>

Although the Court concludes the Foreign Representatives are not required to demonstrate that the Foreign Debtor meets the eligibility requirements of § 109 to obtain recognition of the UK Bankruptcy, the Foreign Debtor would still meet the eligibility requirements of § 109(a). As discussed, § 109(a) requires a debtor to either reside, have a domicile, a place of business or property in the United States. 11 U.S.C. § 109(a). Here, the Foreign Debtor has property in the United States.

The property requirement of § 109(a) is satisfied by maintaining a nominal amount of property in the United States. *In re PT Bakrie Telecom TBK*, 601 B.R. 707, 714 (Bankr. S.D. N.Y. 2019). The property may be tangible or intangible. *See In re Friskney*, 282 B.R. 250, 253 (Bankr. M.D. Fla. 2002)("Section 541 includes all kinds of property including tangible or intangible property.") "Courts have held that the primary asset of a closely held corporation owned by the debtor is property of the bankruptcy estate." *Id*. And it is well established that claims and causes of action also constitute property. *In re Octaviar Administration PTY LTD*, 511 B.R. 361, 369-70 (Bankr. S.D. N.Y. 2014).

HGA, HVPO and QAPA USA are closely held entities which all own real property in the Middle District of Florida. The interests in these entities can be traced to the Foreign Debtor

through other entities. The Foreign Debtor is also listed as a director of these entities, who list their principal place of business in the Middle District of Florida. The Foreign Debtor's interests would be sufficient to meet the property requirement of § 109(a). Furthermore, the Foreign Representatives may have claims against third parties with respect to the transfer of the Foreign Debtor's interest in Texas Q Zone. These claims could also be considered property for § 109(a) if required under chapter 15. One purpose of chapter 15 is to "aid foreign jurisdictions in administering bankruptcies by preventing debtors from squirreling away assets in the United States." *In re Fairfield Sentry Ltd.*, 458 B.R. 665, 686 (Bankr. S.D.N.Y. 2011). This purpose would be frustrated under these circumstances.

## **Conclusion**

A foreign representative is not required to demonstrate that a foreign debtor meets the eligibility requirements of 11 U.S.C. § 109 to obtain recognition of a foreign proceeding under 11 U.S.C. § 1517. This conclusion is based on the plain reading of the applicable statutes, the provisions and purposes of chapter 15 and the Eleventh Circuit's *Goerg* opinion addressing chapter 15's predecessor, 11 U.S.C. § 304. As a result, the Court finds the Foreign Representatives have met their burden and the UK Bankruptcy must be recognized under § 1517. Alternatively, if a foreign representative were required to demonstrate a foreign debtor meets the requirements of § 109, the Court finds the Foreign Representatives have demonstrated that the Foreign Debtor has property in the United States. A separate Order (Doc. No. 35) has been entered consistent with this Court's oral findings of fact and conclusions of law rendered April 22, 2021, as supplemented by this Memorandum Opinion.

Attorney Leyza F Blanco is directed to serve a copy of this order on all interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order.